IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID WILSON,

    Plaintiff,

vs.

U.S. DEPT. OF JUSTICE,
and BUREAU of TOBACCO, ALCOHOL,
FIREARMS and EXPLOSIVES,

    Defendants.

Case: 1:16-cv-01015
Assigned To : Unassigned
Assign. Date : 5/31/2016
Description: FOIA/Privacy Act

## COMPLAINT

### MOTION PURSUANT TO THE FREEDOM OF INFORMATION ACT ("FOIA")

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, David Wilson, plaintiff, pro se[1], and hereby moves this Honorable Court, to Order the Defendants to release the requested information pertaining to his requests under the FOIA, of which since has been ignored. To support such request, Plaintif submits the following:

    \*    \*    \*

1. On April 21, 2015, the plaintiff sent a request to the Bureau of Alcohol, Tobacco, Firearms and Explosives--their Office of Public Affairs, requesting recorded information of which the BATF is in possession of and of/which pertains to the plaintiff. See Exhibit "A" Letter #1

---

[1] See **Toolasprashad v. Bureau of Prisons**, 286 F.3d 576, 583, 351 U.S. App. D.C. 64(D.C. Cir. 2002)(Where, as here, a plaintiff is proceeding pro se, the Court has "an obligation to construe pro se filings liberally."); also see **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

- 1 -



2. In June of 2015 I received a response from the BTAF informing me that my request had been received on APril 29, 2015 and assigned a tracking number, 2015-0872; I was also informed that since the request related to a third party that if I could not show consent, or proof of death, that the records may be able to be released.

3. On June 8, 2015, I again submitted another FOIA with a copy of Antonio Robersons obituary (proof of death).

4. On August 20, 2015, the BATF sent me a letter acknowledging receipt of my request, assigning me a reference tracking number to it of 2015-1208. **See Ex. "B" Letter #2.**

5. On August 25, 2015, yet having received the BATF response (LEtter #2), I wrote another letter to the BTAF, **See Ex. "C" Letter #3**, requesting that the time restraints concerning my request be followed.

6. On December 18, 2015, having yet to receive the information I requested, I again wrote the BATF a letter requesting a status update. **See Ex. "D" Letter #4.**

7. I never received a response to my status request letter (Ex. "D" Letter #4).

8. On February 8, 2016, I again wrote a letter to the BATF requesting a status of my FOIA. **See Ex. "E" Letter #5.**

9. I have never received a response to my latest status request nor the information I requested.

10. This motion follows.

\*   \*   \*

## ARGUMENTS AND AUTHORITIES

Under the Freedom of Information Act (FOIA), 5 U.S.C.S. §552, agencies must respond to a request for information with 10 working days. Section 552(a)(6)(A)(I). Only if the government can show exceptional circumstances exist and that the agency is exercising due diligence in responding, may the Court then retain jurisdiction and allow the agency additional time to complete its review of the records. Section 552(a)(6)(C).

In the case at bar, not only has the agency failed to respond accordingly, but it also has failed to exercise due diligence in responding, and therefore has shown no exceptional circumstances exists.

As pertains to the plaintiff, he asserts his request is necessary and urgent. Specifically, plaintiff has filed suit in the Superior Court of the District of Columbia, #2015 CA 009057 B, his main claim being a Spoilation of Evidence, pertaining to the noted FOIA request. In fact, of all the plaintiff's actions to date concerning such requested information, it is undisiputed that what the plaintiff alleges is that "it is likely that the...documents [ ] he seeks contain materially exculpatory information." See Billington v. United States Dept. of Justice, Civil Action No. 92-462 GHR (D.D.C. July 21, 1992).

## CONCLUSION

WHEREFORE, David Wilson prays this Honorable Court will order the release of the requested doucments, in the name of justice, and or grant any relief it deems appropriate and necessary.

Submitted on this 27 day of April, 2016.

David Wilson

- 3 -

TO: Bureau of Alcohol, Tobacco, Firearms & Explosives
Office of Public Affairs, Disclosure Division
99 New York Avenue, NE, Room 5S 144
Washington, DC 20226 USA

FROM: David Wilson
Reg. No. 01503-748
USP McCreary, P.O. Box 3000
Pine Knot, Kentucky 42635

DATE: April 21 2015

RE: 5 USC § 552, 552a; FOIA/ PA Request

Dear Sir/Ma'am:

On August 17, 1998, Ronnie Middleton and Sabrina Bradley were shot to death by a firearm at 1527 Congress place S.E. (South side of the street). I was indicted and prosecuted for the deaths of Middleton and Bradley in case no. 1:05-cr-00100-RWR-2, U.S. District Court, District of Columbia.

In an attempt to gain information into the murders of Middleton and Bradley, the BATF accompanied by D.C. Metropolitan Homicide Detective Michael J. Will engaged in an Operation on June 14, 1999, that also involved an alleged confidential informant (CI) by the name of Bobby Capies.

Specifically, the CI was outfitted with a body recording device and transmitter. The CI was then transported to the immediate area of the 1300 block of Congress Place and instructed to locate Antonio Robinson and engage him in conversation.

The CI located Robinson in the 1300 block of Savannah Street, and engaged in a conversation with Robinson. The conversation was recorded, and at approximately 1040 hours, the agents picked up the CI, turned off the body recorder, and ATF Agent Hester retrieved the body recorder. The CI was then debriefed and stated that he had met with Antonio Robinson as instructed and engaged him in conversation regarding the murders of Middleton and Bradley.

While I was prosecuted and convicted of the murders of Middleton and Bradley, the Prosecution never disclosed the June 14, 1999, body recorded conversation between the CI and Robinson, in which Robinson confessed to killing Middleton and Bradley. The body recording exonerates me from this crime that I did not commit. The recording is public information and should have been disclosed at my public jury trial. Upon filing a FOIA request with the D.C. MPD, the MPD testified in a sworn declaration that the tape recording of the June 14, 1999 operation described above was surrendered to the ATF. Therefore, I am hereby requesting your agency provide me with a true and correct copy of the tape recording and transcript thereof. See(Attachment A, June 14, 1999, Report by Detective Michael J. Will), and (Attachment B, MPD's sworn declaration that the June 14, 1999, tape confession was surrendered to the ATF).

I am entitled to this record under the FOIA, 5 USC § 552. I request that your agency comply with the requriements of 5 USC § 552 in all respects, including time periods for responding to my request.

David Wilson

Subscribed And Sworn To Before Me This 21st day of April 2015.

Notary Public

Hope Thurman
Notary Public
State at Large, Kentucky
My Commission Expires on 5-11-18



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

August 20, 2015

REFER TO: 2015-1208

Mr. David Wilson
Reg. No. 01503-748
USP McCreary
PO Box 3000
Pine Knot, KY 42635-3000

Dear Mr. Wilson:

This is to acknowledge receipt of your Freedom of Information Act request dated April 21, 2015 and received in this Office on July 15, 2015, in which you requested records concerning request for the transcript and/or recording of a conversation of a confidential informant that occurred on or about June 14, 1999. Your request has been assigned number 2015-1208. Please refer to this number on any future correspondence.

For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. You may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

We have determined that you are a non-media, non-commercial requester pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(III). As a non-media, non-commercial requester, you are entitled to two free hours of search time and up to one hundred pages of duplication without charge. See Production or Disclosure of Material or Information, 80 Fed. Reg. 18099, 18111 (Apr. 3, 2015) (to be codified at 28 C.F.R. pt. 16.10(d)(4)). You may review the Department of Justice regulations, which establish the fees charged for processing FOIA requests at http://www.gpo.gov/fdsys/granule/FR-2015-04-03/2015-07772. If you disagree with this determination, you are welcome to provide any additional information that would demonstrate that you should not be considered an "other" requester. If you would like to discuss either the track or the fees associated with your request, you may contact our FOIA Public Liaison, Stephanie Boucher, at (202) 648-8740. You may also discuss any aspect of your request with our FOIA Public Liaison.

Sincerely,

*Stephanie M. Boucher*

Stephanie M. Boucher
Chief, Disclosure Division

David Dermaine Wilson 01000-42

P.O. Box 3000

Pine Knot, KY 42635

Burea Of Alcohol,Tobacco.Firearms & Explosives

Disclosure Division

99 New York Ave. NE. Suite 1E 400

Washington, DC 20226

**RE: FOIA Request 2015-0872**

August 25,2015

Dear Sir/Madam:

    In a FOIA request dated April 21, 2015 I made a records request from your agency. In June of 2015 I received a response from your office informing me that my request had been received on April 29, 2015 and assigned number 2015-0872. Your office informed me that: I requested information relating to a third party that you were not able to confirm nor deny or provide due to privacy act 5, U.S.C. 552 (a). However, you did inform me that I could obtain consent or provide proof of death, the ATF may be able to release the responsive documents.

    In a letter dated June 8, 2015 I again submitted another FOIA request to your agency; In this request, as instructed, I attached a DOJ-361 form (certification of identity) and a copy of Antonio Robersons obituary(proof of death) with my request. As of this date, I have not received a response from your agency. I am requesting that you please follow the time constraints and other requirements set forth in the law for processing and answering my FOIA request. Thank you for your time and attention in this matter. (Please see attached documents)

sincerely,

David Wilson

Mr. David Wilson 01503-748
U.S.P. McCreary
P.O. Box 3000
Pine Knot, KY 42635

December 18, 2015
U.S. Department of Justice
Alcohol, Tobacco, Firearms & Explosives
ATTN; Mrs Stephanie M. Boucher

RE: 2015-1208
Status Follow up


Dear Mrs. Boucher:

    This letter is to inquire as to the status of my request for records from your department dated April, 21 2015. In your reply, you stated that my case had been assigned a "complex" track, and that I could choose to agree to narrow my scope, or alternative time frame in processing time. I have chosen to not narrow, nor to an alternative and simply asks that you inform as to the status, and or result of your investigation of this request. If you, or someone from your office would like to schedule a telephonic conference with me, please call and speak with any member of my unit team at (606)354-7000 to set up a phone call. Until then, I am patiently awaiting a response to my inquiry. Thank you for your time and attention in this matter.

respectfully submitted,

David Wilson

David Darmaine Wilson 01503-748
U.S.P. McCreary
P.O. Box 3000
Pine Knot, KY 42635

U.S. Deptartment Of Justice
Bureau of Tobacco, Alcohol, & Explosives
ATTN: Mrs. Stephanie M. Boucher

RE:2015-1208

STATUS REQUEST:

February 8, 2016

Dear Mrs. Boucher:

    I wrote you on December 18, 2015, asking for the status of a FOIA request dated April 21, 2015. I have yet to receive any response in regard to my requests and am asking that you please contact me as to your investigation of this matter. This is my second such request as I am patiently awaiting a reply from your office. If you, or someone from your office would like schedule a telephonic phone conference with me, please feel free to contact this prison at (606)354-7000 to do so. You had previously stated that my request had been assigned a "complex" track, and that I could choose to narrow my scope, or alternative time frame. I dont wish to narrow my scope, only to have my request expedited. I thank you in advance and look forward to hearing from you.

sincerely,

David Wilson