**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID WILSON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | ) | Civil Action No. 16-1015 (RBW) |

**ORDER**

Currently before the Court is the Plaintiff's Motion for Leave to File a Reply to the Defendant's Answer to Plaintiff's FOIA Complaint ("Pl.'s Mot."), see Pl.'s Mot., ECF No. 16, which is opposed by defendants United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives, see Defendants' Opposition to Plaintiff's Motion for Leave to File a Reply to Defendants' Answer, ECF No. 17. The pro se plaintiff seeks to file a reply to "more fully detail[] his allegations, including the agency's action and non-action in response to his FOIA requests," to "set[] forth the applicable law in relation to his claims," and to ensure that "this Court will . . . be able to make a fair and accurate assessment of [his] FOIA claims." Pl.'s Mot. at 2. Although Federal Rule of Civil Procedure 7(a) grants district judges discretion to order "a reply to an answer," Fed. R. Civ. P. 7(a), "[a] substantial reason must be given or necessity must be demonstrated by the movant to justify the court ordering a reply to an answer," In re Enron Corp. Secs., Derivative & "ERISA" Litig., 540 F. Supp. 2d 759, 795 (S.D. Tex. 2007) (citing 5 Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure Civ. § 1185 at 28-29 (3d ed. 2004)). This is so because "the federal rules provide a number of other devices for uncovering the facts and narrowing the issues that are more effective than a court-

ordered reply, and because allegations in the pleadings not requiring a response—specifically, the answer—are denied automatically as a result of Rule 8(d)." Id.

Here, the plaintiff's proffered rationale for the Court to authorize leave to file his reply to the defendants' answer to his Complaint is grounded in the need to provide clarification of his case and to promote judicial economy. Pl.'s Mot. at 2 ("[The plaintiff's] FOIA Complaint is simple and lacks sufficient clarification to give a complete and clear understanding of the agency's actions in this case . . . without the Reply, this Court will require future filings for clarification in this case, resulting in more delays. As such, judicial economy would dictate acceptance of a Reply."). However, because the plaintiff is not seeking to add additional claims to his Complaint but merely seeks to clarify his existing claims by including additional factual support, the Court finds it more appropriate for the plaintiff to include such supplementary details in his forthcoming opposition to the defendants' motion for summary judgment. See Minute Order (Oct. 17, 2016) (adopting a briefing schedule for the filing of the defendants' summary judgment motion, the plaintiff's opposition to that motion, and the defendants' reply in support thereto). Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion for Leave to File a Reply to the Defendant's Answer to Plaintiff's FOIA Complaint is **DENIED**.

**SO ORDERED** this 16th day of November, 2016.

REGGIE B. WALTON
United States District Judge