UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID WILSON, *pro se*,

    *Plaintiff*

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants*

Case 1:16-cv-01015-RBW

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Disappointing though it may be, Defendant the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF") is simply unable to provide Plaintiff David Wilson with the recording that he seeks. The ATF searched everywhere it possibly can, but cannot find the requested record.

**I.     There is No Reason to Doubt the ATF's Declaration that It Cannot Find the Requested Audio Recording.**

Mr. Wilson attempts to cast doubt on the AFT's search in a number of ways. First, he argues that it is not "logical" that a federal law-enforcement agency would lose a "homicide-investigation file." [Pl.'s Opp. to Defs.' Mot. for Summ. J. at 16, ECF No. 21.] But that has not happened. Rather, the ATF has no investigation file related to Mr. Wilson, as demonstrated by the negative results from its searches of the N-Force database. [Boucher Decl. ¶¶ 12–14, ECF No. 20-2.] In fact, it was the Washington Metropolitan Police Department, not ATF, that investigated Mr. Wilson's crimes. The ATF appears to have merely assisted. [*See* Pl.'s Mot. for Leave to File Reply, App'x A, ECF page 19, ECF No. 16-1.]

Mr. Wilson also expresses disbelief that the ATF would be unable to locate the 7th District AWIK file that appears to have been submitted to the National Archives and Records

Administration, arguing that such a scenario is unlikely in the "computer age." [Pl.'s Opp. to Defs.' Mot. for Summ. J. at 16, ECF No. 21.] But apart from his unadorned skepticism, Mr. Wilson offers no factual reason to doubt the ATF's presumptively good-faith declaration. ATF has explained, in detail, that it does not have the necessary information—i.e., an assigned transmittal number—to locate the file. [Boucher Decl. ¶¶ 26–32, ECF No. 23-3.]

Further, while ATF sought to search the 7th District AWIK file, that file is not "likely" to contain responsive information. The ATF's attempt to search it was part of an overly expansive search, which went beyond FOIA's requirement to conduct a "reasonably calculated" search. *See Weisburg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Indeed, there is no indication that the recording sought by Mr. Wilson would likely be in that file. The ATF knows only that it provided investigatory assistance to MDP through the AWIK program and that it has a file called "7th District AWIK," making it *possible* that a responsive record could be located therein. Further, the 7th District AWIK file was revealed in ascension and transfer records from Fiscal Year 1998. The recording that Mr. Wilson seeks was made in FY 1999, specifically, on June 14, 1999, making it unlikely that it would be in a file listed on ascension and transfer records from FY 1998. [*See* Pl.'s Opp. to Defs.' Mot. for Summ. J., App'x A, ECF page 27, ECF No. 21.] Because there is only a slight possibility that the unfindable 7th District AWIK file contains responsive information, the ATF was not required to examine it as part of a reasonably calculated search—even apart from the ATF's inability to access it.

II.     **The ATF Properly Queried Every Database Likely to Contain Responsive Records.**

Mr. Wilson also doubts the ATF's queries of its law-enforcement databases. But the reasoning behind his doubt is illogical and self-fulfilling. He argues that because the terms used by ATF revealed no investigative files, they must necessarily have been improper. [Pl.'s Opp. to Defs.' Mot. for Summ. J. at 20, ECF No. 21.] That reasoning does not allow for the possibility that

the ATF has no investigative file on Mr. Wilson, which appears to be precisely the case. That result is not surprising, since it appears that the ATF merely assisted the MPD in its investigation and did not conduct an investigation of its own.

Further, contrary to Mr. Wilson's assertion [*see* Pl.'s Opp. to Defs.' Mot. for Summ. J. at 22, ECF No. 21], the ATF has explained that its use of names (among other information) in searching its databases would likely have returned responsive information if it existed. As ATF explained, the TECS database contains the names of persons investigated by the ATF [Boucher Decl. ¶ 11, ECF No. 20-3] and the N-Force database "may be queried by information regarding an individual, including name, [etc.]" [*id.* ¶ 12]. Mr. Wilson is also incorrect that ATF failed to "assert that no other record system was likely to produce responsive records." [*See* Pl.'s Opp. to Defs.' Mot. for Summ. J. at 22, ECF No. 21.] In fact, ATF declared that "ATF searched in all of the files and indices that are reasonably likely to contain responsive records." [Boucher Decl. ¶ 35, ECF No. 20-3.] That necessarily means that there are no locations likely to contain responsive records other than those that the ATF describes as having been searched.

**III.   There Is No Need to Find and Consult with Agents Who Conducted the Relevant Investigation Nearly Twenty Years Ago.**

Lastly, Mr. Wilson argues that the ATF conducted an inadequate search because it should have located the ATF agent and MPD agent who took part in the 1999 investigation and asked them if they know where the recording is. [Pl.'s Opp. to Defs.' Mot. for Summ. J. at 24, ECF No. 21.] In support of that contention, Mr. Wilson cites *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 328 (D.C. Cir. 1999). But that case does not support his argument. The court in *Valencia-Lucena* recognized that there is no need to consult persons associated with a record where it would be "fruitless," such as where the storage of that record "was controlled by other persons or by internal procedures." *Id.* at 328. As explained by the ATF, it has a system for storing and locating

records. [Boucher Decl. ¶¶ 10–12, ECF No. 20-3.] Those procedures, and not investigating agents, are the proper resources for conducting an adequate search. The ATF properly utilized them.

## CONCLUSION

For the foregoing reasons, and for the reasons explained in Defendants' opening brief, Defendants respectfully request summary judgment in their favor on Mr. Wilson's complaint.

Dated: February 27, 2017

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
    JOHNNY H. WALKER, D.C. Bar #991325
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, District of Columbia 20530
    Telephone: 202 252 2575
    Email: johnny.walker@usdoj.gov

*Counsel for Defendants*